UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-23005-CIV MARTINEZ/BROWN

JEFFREY KEATING, et al.,

    Plaintiffs,

v.

CITY OF MIAMI, et al.,

    Defendants.
_____/

### DEFENDANT ED YERO AND CITY OF MIAMI BEACH'S UNOPPOSED MOTION TO STAY DISCOVERY AND OTHER PROCEEDINGS PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW

Defendants, ED YERO ("Yero") and CITY OF MIAMI BEACH ("CMB"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c) and Rule 8(a) of the Federal Rules of Appellate Procedure, hereby file and serve this Motion to Stay Discovery and Other Proceedings Pending Appeal, and in furtherance thereof state as follows:

### FACTS AND PROCEDURAL HISTORY

1. The instant matter is a federal civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 against a number of municipal entities and municipal agents relating to incidents which allegedly occurred during the November 20, 2003 Free Trade Area of the Americas ("FTAA") ministerial meetings in Miami.

2. Plaintiffs filed their Amended Complaint on April 9, 2008 [D.E. 45]

3. The Defendants subsequently filed Motions to Dismiss the Amended Complaint. [D.E. 68-72]. The Motions to Dismiss contained numerous arguments, including the issue of qualified immunity on behalf of the individual supervisory

1

    Defendants (including Yero) as to Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 premised upon an alleged violation of the First and Fourth Amendments to the United States Constitution.

4. This Court entered an Order granting in part and denying in part the Motions to Dismiss. [D.E. 157].

5. Numerous Defendants, including Yero, have filed Notices of Appeal to the United States Court of Appeals for the Eleventh Circuit concerning the denial in part of their Motions to Dismiss on the basis of qualified immunity. [D.E. 172-73]. Thus, the issue of qualified immunity is presently on appeal.

6. Proceedings in this matter should be stayed pending the interlocutory appeal from this Court's Order denying Defendants' Motions to Dismiss on the basis of qualified immunity. A fundamental protection afforded by qualified immunity is freedom from the rigors, inconvenience, and expense of discovery and other pretrial proceedings. Absent a stay of discovery pending appeal, Defendants will lose that protection.

7. The undersigned, in accordance with Local Rule 7.1, certifies that he has conferred with opposing counsel regarding this issue, and Plaintiffs' do not oppose the relief sought herein.

## MEMORANDUM OF LAW

**A. The Standard for Obtaining a Stay.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). According

to Federal Rule of Civil Procedure 26(c), the court may, for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such orders may include "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time." Fed. R. Civ. P. 26(c)(2).

   **B.**  **Because Further Proceedings Will Subject The Defendants To Unnecessary Expense and Burdens, Allowing Proceedings to Continue Would Obviate The Very Purpose Of Qualified Immunity and Proceedings Should Thus be Stayed Pending Appeal.**

The defense of qualified immunity affords public officials broad protections from the rigors, intrusion, and expense associated with defending against unwarranted civil rights actions. For example, qualified immunity shields government officials from liability for damages arising from conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). However, qualified immunity not only provides a defense to liability, but it also gives a public official immunity from suit itself. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Because the purpose of qualified immunity is to protect public officials from the expense and rigors of civil rights actions filed against them, qualified immunity also extends to insulate public officials from the burdens associated with engaging in discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). *See also Anderson v. Crieghton*, 483 U.S. 635, 646 n.6 (1987) ("One of the purposes of the Harlow qualified immunity standard is to protect public officials from . . . discovery "). For this reason, the Supreme Court has indicated that until the threshold issue of qualified immunity has been resolved, discovery should not be allowed. *See Harlow*, 457 U.S. at 818; *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). Consequently, a court should stay discovery pending resolution of a public official's qualified immunity defense. *See Caraballo-Sandoval v. Honsted*,

35 F.3d 521, 524 (l1th Cir. 1994); *Hargrove v. Henderson*, 1996 WL 467516, *2 (M.D. Fla. 1996). *See also H.A.L. v. Foltz,* 2008 WL 591927 (M.D. Fla. 2008) (order granting stay of discovery pending interlocutory appeals of qualified immunity defense raised in motions to dismiss).[1]

In the instant case, Defendants will be prejudiced if proceedings are not stayed pending appeal of the qualified immunity issue. As noted above, a fundamental protection afforded by qualified immunity is freedom from the rigors, inconvenience, and expense of discovery and other pretrial proceedings. *See Behrens*, 516 U.S. at 308. Absent a stay of these proceedings, Defendants will lose that protection. Because most of Plaintiffs' remaining claims against Defendants arise under 42 U.S.C. § 1983, Defendants' assertion of a qualified immunity defense could bring much of this litigation to an end. Thus, Defendants should not be forced to undergo the rigors and inconvenience of a deposition, or for that matter the expense associated with other forms of discovery, until the threshold issue of qualified immunity has been resolved.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants CMB and Yero respectfully requests that this Court grant the instant Motion to Stay Discovery and Other Proceedings Pending Appeal, and enter any and all further relief this Court deems equitable and just.

---

[1] CMB has an interest in the pending appeal because a finding that Yero is entitled to qualified immunity based upon a lack of a constitutional violation will have a preclusive affect on Plaintiffs' ability to prosecute a § 1983 claim against CMB. In the absence of a constitutional violation by individual law enforcement officers, the officers' agency cannot be held liable under § 1983. *City of Los Angeles*, 475 U.S. 796; *see also*, 988 F. Supp. at 1460 ("[a] claim of inadequate training and supervision under § 1983 cannot be made out against a supervisory body without a finding of a constitutional violation by the person supervised"); *see also Wilson v. Meeks*, 98 F.3d 1247 (10th Cir. 1996) (a municipality may not be held liable in a 42 U.S.C. § 1983 civil rights action where there was no underlying constitutional violation by any of its officers, who were entitled to qualified immunity).

**Respectfully submitted,**

**s/JOSHUA M. ENTIN, ESQ**.
FBN: 0493724
jentin@rosenandswitkes.com
ROSEN SWITKES & ENTIN P.L.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
(T) 305-534-4757
(F) 305-538-5504
*Attorneys for Defendant, Ed Yero*


**s/DONALD PAPY, ESQ**. (FBN: 204471)
yamilexmorales@miamibeachfl.gov
CHIEF DEPUTY CITY ATTORNEY, CITY OF MIAMI BEACH CITY ATTORNEYS OFFICE
1700 Convention Center Drive
4th Floor Legal Department
Miami Beach, Fl. 33139
(T) 305-673-7470
(F) 305-673-7002
*Attorneys for Defendant, City of Miami Beach*

## LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the undersigned counsel for Defendant, ED YERO, conferred with Plaintiffs' counsel with regard to the issues addressed herein, and Plaintiffs have no objection to the relief sought herein.

**s/JOSHUA M. ENTIN, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of February, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/JOSHUA M. ENTIN, ESQ.**

**SERVICE LIST**
Jeffrey Keating, et al. v. City of Miami, et al.
Case No. 07-23005–CIV MARTINEZ/BROWN
United States District Court, Southern District of Florida

**Robert W. Ross, Jr.**
bravelaw@bellsouth.net
**Ross Law Firm, P.L.**
3923 Lake Worth Rd., #102
Lake Worth, FL 33461
(t) (561) 251-4896
(f) (561) 241-2790
*Attorneys for Plaintiffs*

**Alain E. Boileau**
aeb@adorno.com
**Dieter Klaus Gunther**
dkg@adorno.com

**Robert Hunt Schwartz**
rhs@adorno.com
**Adorno & Yoss**
888 SE 3rd Avenue
Suite 500
Fort Lauderdale, FL 33335-9002
(p) (954) 523-5885
(f) (954) 760-9531
*Attorneys for City of Fort Lauderdale and Lee Spector*

**Justin David Grosz**
jdg@bchlm.com
**Billing, Cochran, Heath, Lyles & Mauro**
888 SE 3rd Avenue, Suite 301
Fort Lauderdale, FL 33316
(p) (954) 764-7150
(f) (954) 764-7279

**Donald Papy**
yamilexmorales@miamibeachfl.gov
**Kimberly McCoy**
kimberlymccoy@miamibeachfl.gov
1700 Convention Center Drive
4th Floor Legal Department
Miami Beach, FL 33139
(p) 305-673-7470
(f) 305-673-7002
*Attorneys for City of Miami Beach*

**Warren Bittner**
wrbittner@miamigov.com
**Miami City Attorney's Office**
444 SW 2nd Avenue
Suite 945
Miami, FL 33130-1910
(p) (305) 416-1800
(f) (305) 416-1801
*Attorneys for City of Miami, John Timoney, Frank Fernandez, Thomas Cannon, and Louis Battle*

**Joshua M. Entin**
jentin@rosenandswitkes.com
**Rosen Switkes & Entin, P.L.**
407 Lincoln Road, Suite PH SE
Miami Beach, FL 33139
(p) 305-534-4757
(f) 305-538-5504
*Attorneys for Ed Yero*